# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Arnold Smith
County Attorney
Montgomery County
Conroe, Texas

Dear Sir:    Opinion No. 0-2633-A
         Re: County Hospitals - Paupers - Indigents

  Your request for opinion has been received and carefully considered by this department. We quote from your request question as follows:

  "I have before me your Opinion No. 0-2633, addressed to Mr. A.E. Nickerson, County Auditor of this county, which was approved by your Department on August 23, 1940. In this Opinion, I note that our County Auditor submitted the following question:

    "'Does the Commissioners' Court have authority to spend money on indigents for medical attention and medicines other than those who have been regularly placed on the pauper roll?'

  "Under this Opinion the County Auditor has taken the position that no doctor can be paid, nor can any medicine be purchased by the Commissioners' Court, and, since we have a County Hospital, all paupers and indigents must report to that institution for both treatment and medicine.

  "In order that you may have full particulars, and the proper picture before you for reply, I will state that Montgomery County owns a hospital in which our indigent and pauper patients in need of hospitalization are taken care of. This institution is manned by a corps of trained nurses, and the local doctors have a rotating staff, one doctor giving his service to the institution over a period of thirty days, and rotating in that manner. The doctor in charge for the month takes care of all paupers and indigent patients

in the hospital without charge. The institution
also accepts pay patients, and will continue to
do so until such time as all rooms are required
for paupers and indigents. However, we have no
resident doctor at the hospital, no intern, no
stock of drugs and no one at the hospital to fill
prescriptions. Whether or not a patient is in
need of hospitalization is determined by a doctor
and the superintendent, and when admitted in this
manner, all expense is cared for and all services
rendered through this institution. Under this
system, paupers whose names appear on the roll,
and indigents who presented themselves to the
County Judge for treatment or medicine, have been
sent to one of the doctors - in most cases to the
County Health Officer. Where hospitalization
was not needed, the doctor, to whom the pauper
or indigent was sent, has treated the patient,
rendered his bill, and the same has been hereto-
fore paid by the Commissioners' Court, for the
reason that we maintain no Out- patient Clinic at
the hospital, as heretofore stated.

"Now, with the foregoing facts before you,
please advise if it is legal for the Commission-
ers' Court to pay the doctor for services render-
ed, and to purchase medicine for paupers and in-
digents, when the condition of the patient does
not call for hospitalization."

Opinion No. 0-2633 of this department, addressed to
the County Auditor of Montgomery County, Texas, holds that if
the commissioners' court determines that an indigent is a pau-
per, it may furnish medical aid and attention to him as such
regardless of whether he has been placed upon the pauper roll
of the county or not; furthermore, such court has authority to
send indigent sick, who may or may not be paupers, to public
hospitals within the county; and that whether a person is a
pauper or an indigent is a question of fact to be determined
by said court. We enclose herewith a copy of said opinion.

Opinion No. 0-2422 of this department also addressed
to the County Auditor of Montgomery County, Texas, holds that
neither the commissioners' court nor the Board of Managers of
the County Hospital of Montgomery County, Texas, have authority

to allow claims of visiting physicians for work done for charity patients at the County Hospital. We enclose herewith a copy of Opinion No. O-2422 of this department. We quote from said opinion as follows:

"It is clearly apparent that the law contemplates that county hospitals will be self-supporting in part and will also be supported by the county. Patients who are able will pay for their maintenance in the county hospitals but no patient will be permitted to pay a greater sum than the average per capita cost of maintenance therein, including a reasonable allowance for the interest on the cost of the hospital. Officers and employees of county hospitals are prohibited from accepting fees, payments or gratuities from patients for their services. No discrimination is to be made between paying patients and non-paying patients. (Article 4487, supra)

"The salaries of the superintendents and all other officers and employees of the county hospital are fixed by the board and must be within the limit of the appropriation made therefor by the commissioners' court. Such salaries shall be compensation in full for all services rendered. (Article 4480, supra). The board shall also appoint a staff of visiting physicians who shall serve without pay from the county. (Article 4480, supra)."

It is our opinion that the statutes contemplate that all paupers and indigents who are suffering from any illness, disease or injury and in need of hospitalization should, insofar as practicable, be sent to the county hospitals. As pointed out in Opinion No. O-2422 the county would not be liable for the claims of the hospital physicans for taking care of such patients. The commissioners' court is authorized to appropriate money for the maintenance of the County Hospital as pointed out in Opinion No. O-2422. Article 4438, supra, authorizes the commissioners' court to send 'indigent sick' that may or may not be 'paupers' to the county hospital.

We think that if a pauper is ill or injured and the commissioners' court thinks it not feasible to treat him at the

Honorable Arnold Smith, Page 4

county hospital, as for example if the pauper were seriously injured at his home and it would not be safe to carry him to the County Hospital the commissioners' court would clearly have authority to provide medical aid for him at his home and would have clear authority to furnish him with necessary medicines. There are perhaps many instances in which the commissioners' courts would have authority to aid paupers by furnishing medical aid and medicines to them at places other than the county hospital and we cannot here attempt to enumerate such instances.

In answer to your question you are respectfully advised that it is the opinion of this department that under the facts stated the commissioners' court should not pay the visiting physicians for services rendered for paupers and indigents at the County Hospital. It is our further opinion that it is within the sound discretion of the commissioners' court as to whether or not they will furnish medical aid and medicines to paupers and the methods they will adopt in furnishing such medical aid and medicines. It is our further opinion that persons who are indigents but who are not paupers may be sent to the County Hospital for treatment, as authorized by Article 4438, V.A.T.C.S.; we do not think such persons not occupying the status of paupers could be legally aided as paupers under Section 11 of Article 2351, V.A.T.C.S.

The distinction between pauperism and indigency not constituting pauperism may be very difficult to determine and the line may be hard to draw in many instances but as pointed out in Opinion No. O-2633 this is a matter for the commissioners' court to determine in its sound discretion.

Trusting that this satisfactorily answers your inquiry, we are

APPROVED FEB 3,

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN

WJF:AW